# 13-1589-cv(L),
## 13-1779-cv(XAP), 13-1791-cv(XAP)

## United States Court of Appeals
### *for the*
## Second Circuit

BENJAMIN M. GAMORAN, derivatively on behalf of the nominal defendant with respect to its series mutual fund, the Neuberger Berman International Fund,

*Plaintiff-Appellant-Cross-Appellee,*

– v. –

NEUBERGER BERMAN LLC, NEUBERGER BERMAN MANAGEMENT LLC, BENJAMIN SEGAL, PETER E. SUNDMAN, JACK L. RIVKIN, JOHN CANNON, FAITH COLISH, C. ANNE HARVEY, ROBERT A. KAVESH, HOWARD A. MILEAF, EDWARD I. O'BRIEN, WILLIAM E. RULON, CORNELIUS T. RYAN, TOM D. SEIP, CANDACE L. STRAIGHT, PETER P. TRAPP, NEUBERGER BERMAN EQUITY FUNDS, D/B/A NEUBERGER BERMAN INTERNATIONAL FUND,

*Defendants-Appellees-Cross-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**REPLY BRIEF FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS JOHN CANNON, FAITH COLISH, C. ANNE HARVEY, ROBERT A. KAVESH, HOWARD A. MILEAF, EDWARD I. O'BRIEN, WILLIAM E. RULON, CORNELIUS T. RYAN, TOM D. SEIP, CANDACE L. STRAIGHT, PETER P. TRAPP AND NEUBERGER BERMAN EQUITY FUNDS, D/B/A NEUBERGER BERMAN INTERNATIONAL FUND**

*Of Counsel:*
  JEFFREY B. MALETTA
  NICHOLAS G. TERRIS
  THEODORE L. KORNOBIS

K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
(202) 778-9000

*Attorneys for Defendants-Appellees-Cross-Appellants John Cannon, Faith Colish, C. Anne Harvey, Robert A. Kavesh, Howard A. Mileaf, Edward I. O'Brien, William E. Rulon, Cornelius T. Ryan, Tom D. Seip, Candace L. Straight, Peter P. Trapp and Neuberger Berman Equity Funds, d/b/a Neuberger Berman International Fund*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT ....................................................................................1

I.    PLAINTIFF FAILS TO CONTEST THAT DISMISSAL OF HIS
CLAIMS SHOULD BE DEEMED WITH PREJUDICE ..............................1

II.   THE DISTRICT COURT ERRED BY NOT RULING THAT
PLAINTIFF AND HIS COUNSEL ARE INADEQUATE
REPRESENTATIVES FOR PURPOSES OF PURSUING A
PURPORTED DERIVATIVE LAWSUIT....................................................2

CONCLUSION .................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

Argiropoulos v. Kopp,
    No. CIV A CCB-06-0769, 2007 WL 954747
    (D. Md. Mar. 26, 2007) ........................................................... 3-4

Brehm v. Eisner,
    746 A.2d 244 (Del. 2000) .................................................5

Elfenbein v. Gulf & Western Industries, Inc.,
    590 F.2d 445 (2d Cir. 1978) ...........................................1

Grimes v. Donald,
    673 A.2d 1207 (Del. 1996) ...............................................5

In re Bank of Am. Corp. Sec., Deriv., & ERISA Litig.,
    No. 09 MD 2058, 2010 WL 5248815 (S.D.N.Y. Dec. 14, 2010) .................3

RCM Sec. Fund, Inc. v. Stanton,
    928 F.2d 1318 (2d Cir. 1991) ...........................................6

Roussel v. Tidelands Capital Corp.,
    438 F. Supp. 684 (N.D. Ala. 1977) ...................................3

Smith v. Ayers,
    977 F.2d 946 (2d Cir. 1992) ...........................................3

Spiegel v. Buntrock,
    571 A.2d 767 (Del. 1990) .................................................6

**Statutes & Other Authorities:**

Fed. R. Civ. P. 23.1 .............................................................2, 6

ii

The Independent Trustee Defendants submit this reply brief in further support of their cross-appeal.[1]

## ARGUMENT

## I.    PLAINTIFF FAILS TO CONTEST THAT DISMISSAL OF HIS CLAIMS SHOULD BE DEEMED WITH PREJUDICE

Plaintiff does not appear to address any of defendants' arguments that the case should be dismissed with prejudice.

First, plaintiff fails to respond to the Independent Trustees' arguments and authorities demonstrating that, at least with respect to wrongful refusal of demand, the district court seemingly intended to and should have dismissed the action with prejudice. See Ind. Trustees' Br. at 18, 61-63 (citing cases). It is undisputed that, under Elfenbein v. Gulf & Western Industries, Inc., 590 F.2d 445, 448-50 (2d Cir. 1978), the district court's judgment must be construed as a denial of leave to replead in this action. See Ind. Trustees' Br. at 61. Plaintiff has not appealed this disposition. Further, the "without prejudice" label in the district court's judgment is sensibly understood as reflecting the district court's intent that, although the Trust's underlying claim is not precluded, plaintiff and other shareholders are barred from pursuing another action based on a wrongful refusal theory. See Ind.

---

[1]    This reply brief uses the same defined terms as the Independent Trustee Defendants' principal and response brief (the "Ind. Trustees Br."), and also references the Neuberger Defendants' principal and response brief (the "Neuberger Defendants' Brief" or "Neuberger Br.") and plaintiff's response and reply brief ("Pl.'s Resp. & Reply Br.").

Trustees' Br. at 18, 61-63.  In the circumstances of this case, there is no basis for allowing plaintiff to continue to litigate, and the district court's order should be clarified to reflect that the dismissal is *with* prejudice on the issue of wrongful refusal.  See id. at 63, 67.

Second, plaintiff offers no apparent response to defendants' independent argument that any attempt by plaintiff to amend would be futile and thus, under the correct legal standard, plaintiff's claims must be dismissed with prejudice.  See Neuberger Br. at 51-53; Ind. Trustees' Br. at 18, 61.  Indeed, nothing in either of plaintiff's briefs suggests that plaintiff could offer any additional material allegations pertaining to wrongful refusal or any other issue.

Accordingly, the district court's judgment should be clarified or modified to reflect that the dismissal of the action is with prejudice.

## II.    THE DISTRICT COURT ERRED BY NOT RULING THAT PLAINTIFF AND HIS COUNSEL ARE INADEQUATE REPRESENTATIVES FOR PURPOSES OF PURSUING A PURPORTED DERIVATIVE LAWSUIT

Plaintiff provides only a cursory and inapposite response to the Independent Trustee Defendants' cross-appeal argument that, in light of their obvious disregard for the costs and burdens of their actions on the Trust and other shareholders, plaintiff and his counsel are inadequate corporate representatives under Fed. R. Civ. P. 23.1.  See Ind. Trustees' Br. at 64-66.

Plaintiff suggests that he cannot be deemed inadequate because he has been a "zealous advocate[]."  Pl.'s Resp. & Reply Br. at 31.  But zeal alone does not demonstrate that a plaintiff is acting in the best interests of a company or its shareholders.  See, e.g., Roussel v. Tidelands Capital Corp., 438 F. Supp. 684, 688 (N.D. Ala. 1977) (rejecting plaintiff's argument that the adequacy requirement is satisfied simply because plaintiff "has the means and will vigorously prosecute [the suit] through competent counsel" and holding that plaintiff was an inadequate corporate representative where he "filed [the] lawsuit as part of a campaign of harassment to keep the defendants 'in the courthouse a . . . long time'"); Smith v. Ayers, 977 F.2d 946, 948 (2d Cir. 1992) (finding inadequate a derivative plaintiff who was "committed to ruin years of [defendants'] life").

Plaintiff additionally asserts – without citing any authority – that if he is "correct on the merits," this should excuse all of the many costly and unnecessary procedural maneuvers that he has taken throughout the various iterations of his litigation crusade.  See Pl.'s Resp. & Reply Br. at 31.  This is erroneous.  Courts evaluate adequacy under Rule 23.1 irrespective of the ultimate merits of the underlying claim.  See, e.g., In re Bank of Am. Corp. Sec., Deriv., & ERISA Litig., No. 09 MD 2058, 2010 WL 5248815 (S.D.N.Y. Dec. 14, 2010) (finding shareholder plaintiff inadequate, irrespective of merits of underlying claim); Argiropoulos v. Kopp, No. CIV A CCB-06-0769, 2007 WL 954747, at *8 (D. Md.

3

Mar. 26, 2007) (although "not judging the derivative claims on their merits,"
dismissing the claims on basis of shareholder plaintiff adequacy).

Plaintiff also remarkably contends that "[e]very procedural course he has
followed was one he was entitled to pursue."  Pl.'s Resp. & Reply Br. at 31.  To
the contrary, as the defendants detailed in their opening briefs, plaintiff and his
counsel have engaged in repeated, improper, and inexplicable attempts to avoid the
clear demand requirement of Delaware law, causing the Fund to incur significant
and utterly unnecessary expense.  See Ind. Trustees' Br. at 64-66; Neuberger Br. at
6-8, 52-54.  These include:

- Plaintiff filed three different lawsuits before the board had an
  opportunity to investigate any shareholder demand.  SPA-15-17.

- After not initially receiving his preferred result in the Southern
  District of New York, plaintiff filed his next lawsuits in different fora,
  requiring defendants (among other things) to expend effort and
  expense seeking the transfer of the action back to the Southern
  District of New York, A-70, A-175; in granting the motion to transfer,
  Chief Judge Sleet called plaintiff's conduct "***the epitome of forum
  shopping***."  A-431 (emphasis added).

- Plaintiff made a mid-suit demand in his second lawsuit, effectively
  mooting his own case.  A-216.  Yet he insisted that he was entitled to
  proceed on a demand futility basis, causing the Trust to again devote
  unnecessary resources to seek dismissal of a procedurally-ineffective
  complaint.  Judge Sand observed that "there are so many cases [and]
  the law is so clear," A-144, regarding the effect of plaintiff's mid-suit
  demand that "it isn't an open area."  A-134.  Judge Sand found that
  plaintiff's arguments that he was entitled to proceed with the litigation
  despite making demand were attributable to "counsel's error."  A-144.
  Plaintiff has not appealed any of those findings.

- Plaintiff prematurely filed his third complaint mere weeks after his second suit was dismissed, denying the board any reasonable opportunity to respond to his demand, and requiring the Trust to seek dismissal so that the board could conclude its investigation.

- After receiving the Demand Refused Letter, rather than follow defendants' sensible and economical suggestion that he amend or supplement his complaint to reflect that the board rejected his demand, plaintiff insisted on having the court rule on the motions seeking dismissal of his third complaint. He then filed another complaint reflecting the rejected demand, which defendants then sought to dismiss. Judge Griesa recognized that such steps would have been "unnecessary if plaintiff had accepted defendants' suggestion that [plaintiff] move to amend the complaint." SPA-12.

- Plaintiff's Gamoran IV complaint asserted a new breach of contract claim that was not previously put before the board, see SPA-25. The Delaware Supreme Court has specifically recognized that this tactic is suggestive of "*harassment*." Grimes v. Donald, 673 A.2d 1207, 1220 (Del. 1996), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244, 253 (Del. 2000) (emphasis added). Plaintiff has never even attempted to explain this conduct.

In none of these instances did any court conclude that plaintiff was "entitled to pursue" the improper procedural course he followed; instead, he was rebuffed at every step. And often, as indicated above, plaintiff's actions had no credible legal basis, belying his contention that every "legal argument he has made is well grounded in law," Pl.'s Resp. & Reply Br. at 31.

Even after plaintiff finally made demand, he compelled the Trust to respond repeatedly to baseless arguments – including contentions based on inapplicable Maryland law, or Delaware "demand excused" cases – as well as extensive allegations based on irrelevant demand futility allegations that plaintiff waived by

making demand.  See, e.g., Ind. Trustees' Br. at 19-26, 29-32, 52-57 (responding to these arguments).

In his most recent brief, plaintiff continues to press arguments that are conclusively refuted by controlling authority.  For example, plaintiff still insists that **defendants** "bear the heavy burden of demonstrating" that the board acted in good faith after reasonable investigation and with due care.  See Pl.'s Resp. & Reply Br. at 18.  But a board's decision to refuse demand is protected by the Delaware business judgment rule, which presumes that the board made its decision "on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."  Spiegel v. Buntrock, 571 A.2d 767, 774 (Del. 1990).  Thus, as this Court has held, the business judgment rule places on **plaintiff** "the considerable burden of showing that the decision not to bring the lawsuit was made in bad faith or was based on an unreasonable investigation." RCM Sec. Fund, Inc. v. Stanton, 928 F.2d 1318, 1328 (2d Cir. 1991).

\*    \*    \*

All of this is inconsistent with a suggestion that plaintiff could possibly "fairly and adequately represent the interests of shareholders," as required by Fed. R. Civ. P. 23.1.  Notwithstanding plaintiff's unsupported plea to the contrary, the Court should direct the district court to enter an order finding that plaintiff and his counsel are inadequate representatives.

## **CONCLUSION**

The district court's dismissal of plaintiff's complaints and its termination of this action should be affirmed. The action should be dismissed with prejudice, or at least the district court's judgment should be clarified or modified so that there is no doubt that the dismissal of the action is with prejudice on the issue of wrongful refusal of demand. In addition, the district court should be directed to enter a finding that plaintiff does not fairly and adequately represent the interests of shareholders.

Dated: August 14, 2013        Respectfully submitted,

K&L GATES LLP

By:    s/  Nicholas G. Terris
Jeffrey B. Maletta
Nicholas G. Terris (Counsel of Record)
Theodore L. Kornobis
1601 K Street, NW
Washington, DC 20006-1600
E-mail:  jeffrey.maletta@klgates.com
         nicholas.terris@klgates.com
         ted.kornobis@klgates.com
Phone:  (202) 778-9000
Fax:     (202) 778-9100

*Attorneys for Appellees/Cross-Appellants John Cannon, Faith Colish, C. Anne Harvey, Robert A. Kavesh, Howard A. Mileaf, Edward I. O'Brien, William E. Rulon, Cornelius T. Ryan, Tom D. Seip, Candace L. Straight, Peter P. Trapp and Nominal Defendant Neuberger Berman Equity Funds*