13-1589 (L)
Gamoran v. Neuberger Berman LLC, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                 **Circuit Judges**,
         JOHN G. KOELTL,[*]
                 **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
**BENJAMIN M. GAMORAN,** derivatively on
behalf of the nominal defendant with
respect to its series mutual fund,
the Neuberger Berman International
Fund,
         **Plaintiff-Appellant-Cross-**
         **Appellee,**

         -v.-                    13-1589, 13-1779, 13-1791

---

[*]Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

**NEUBERGER BERMAN LLC, NEUBERGER BERMAN
MANAGEMENT LLC, BENJAMIN SEGAL, PETER
E. SUNDMAN, JACK L. RIVKIN, JOHN
CANNON, FAITH COLISH, C. ANNE HARVEY,
ROBERT A. KAVESH, HOWARD A. MILEAF,
EDWARD I. O'BRIEN, WILLIAM E. RULON,
CORNELIUS T. RYAN, TOM D. SEIP,
CANDACE L. STRAIGHT, PETER P. TRAPP,
NEUBERGER BERMAN EQUITY FUNDS, D/B/A
NEUBERGER BERMAN INTERNATIONAL FUND,**
          <u>**Defendants-Appellees-Cross-
          Appellants**</u>**,**
- - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | THOMAS I. SHERIDAN, III, Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, New York, New York. |
| **FOR APPELLEES:** | NICHOLAS G. TERRIS (Jeffrey B. Maletta, Theodore L. Kornobis, <u>on the brief</u>), K&L Gates LLP, Washington, DC. |
| | DOUGLAS W. HENKIN (James N. Benedict, Alan J. Stone, Matthew J. Latterner, <u>on the brief</u>), Milbank, Tweed, Hadley & McCloy LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Plaintiff Benjamin M. Gamoran appeals from the judgment of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>), dismissing without prejudice derivative claims against a mutual fund's trustees and investment advisors.[1]  Gamoran asserts claims under the

---

[1] Neuberger Berman Equity Funds ("Trust"), the nominal defendant, is a Delaware statutory trust and a registered investment company under the Investment Company Act of 1940.

2

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as state common law claims for breach of fiduciary duty, negligence, waste, and breach of contract. On appeal, Gamoran argues that the district court erred in (1) rejecting the sufficiency of his allegations that the board of trustees lacked independence and wrongfully refused Gamoran's demand, and (2) concluding that passive stock ownership in illegal online gambling businesses does not violate the Illegal Gambling Business Act of 1970, 18 U.S.C. § 1955 (the "Gambling Act"). Defendants' cross-appeal argues that the district court abused its discretion in dismissing the complaint without (rather than with) prejudice. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Federal Rules require that a complaint alleging derivative claims "must be verified and must ... (3) state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b). "Rule 23.1 is a rule of pleading that creates a federal standard as to the specificity of facts alleged with regard to efforts made to urge a corporation's directors to bring the action in question." RCM Secs. Fund, Inc. v. Stanton, 928 F.2d 1318, 1330 (2d Cir. 1991). "However, the adequacy of those efforts is to be determined by state law absent a finding that application of state law would be inconsistent with a federal policy underlying a federal claim in the action ....". Id.; see also Halebian v. Berv, 590 F.3d 195, 204 (2d Cir. 2009) ("The underlying demand requirement, ... is ... governed by state law."). No such inconsistency with federal policy exists here; therefore, the sufficiency of Gamoran's substantive allegations of wrongful refusal to bring his claims - including his federal RICO claims - is determined under state law. The parties agree that Delaware law, adopted by the Fund's trust agreement, governs.

The correct standard of review remains an open question. When the sufficiency of the allegations depends on the circumstances of the individual case, the standard of

---

The Neuberger Berman International Fund (the "Fund") is one of the Trust's 26 funds; it is not a distinct legal entity.

review for dismissals based on Rule 23.1 is abuse of discretion. Halebian, 590 F.3d at 203. However, this Court has suggested that de novo review may be more appropriate. See, e.g., Scalisi v. Fund Asset Management, 380 F.3d 133, 137 n.6 (2d Cir. 2004) ("As we see it, when a trial court rules on the legal sufficiency of a complaint the question presented should be one of law."). We need not decide between these standards because we would reach the same conclusion under either.

Under Delaware law, the making of demand by a shareholder is a concession of the independence and disinterestedness of a majority of the board to respond. Spiegel v. Buntrock, 571 A.2d 767, 777 (Del. 1990). A demand places control of the derivative litigation in the hands of the board of directors, and demand refusal is reviewed under the traditional business judgment rule. Id. at 785-86; Zapata Corp. v. Maldonado, 430 A.2d 779, 784 n.10 (Del. 1981). The business judgment rule presumes that the board made its decision "on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." Spiegel, 571 A.2d at 774. To plead wrongful refusal, "the shareholder plaintiff is required to allege with particularity legally sufficient reasons to call into question the validity of the Board of Directors' exercise of business judgment." Levner v. Prince Alwaleed Bin Talal Bin Abdulaziz Al Saud, 903 F. Supp. 452, 457 (S.D.N.Y. 1994) (internal citation and quotation marks omitted), aff'd, 61 F.3d 8 (2d Cir. 1995). The only issues to be examined are "the good faith and reasonableness of [the board's] investigation." Spiegel, 571 A.2d at 777. "[F]ew, if any, plaintiffs surmount this obstacle." Stanton, 928 F.2d at 1328.

Gamoran made a demand. Compl. ¶ 117. Therefore, as a matter of law, he cannot challenge the board's independence to act on his demand, notwithstanding his allegations. However, Gamoran can challenge the good faith and reasonableness of the investigation. Gamoran alleges that the board (1) improperly retained final decision-making authority; (2) ignored Gamoran's letter requesting information about the investigation and failed to provide annotated summaries of witness interviews; and (3) refused to allow Gamoran to inspect tolling agreements executed to preserve the Fund's claims.

4

**1.** To enjoy the protection of the business judgment rule, a board need not delegate final decision-making authority to a special committee unless demand has been excused due to the board's conflicts. <u>Zapata Corp.</u>, 430 A.2d at 786. When (as here) the shareholder has made a demand, he concedes the ability of the board to respond, and the board may retain authority to render a final decision. See <u>Spiegel</u>, 571 A.2d at 777.

**2.** The board was not obligated to share information from its investigation. <u>See</u>, <u>e.g.</u>, <u>Scattered Corp. v. Chicago Stock Exchange</u>, 701 A.2d 70, 77 (Del. 1997), <u>overruled on other grounds by</u> <u>Brehm v. Eisner</u>, 746 A.2d 244 (Del. 2000) ("The law in Delaware is settled that plaintiffs in a derivative suit are not entitled to discovery to assist their compliance with the particularized pleading requirement ... in a case of demand refusal."). Upon completing its timely investigation, the board furnished Gamoran with a letter providing a thorough summary of the board's process and reasoning. Nothing further was required.

**3.** Gamoran does not allege that the board actually failed to execute tolling agreements to preserve the Fund's claims. Rather, he alleges that "despite repeated requests, Defendants have steadfastly refused to provide a copy of the purported tolling agreement so that Plaintiff can verify its scope, language, execution date, or effectiveness in preserving the Fund'[s] claims from unnecessary forfeiture." Compl. ¶ 125. However, as discussed above, the board was not required to give Gamoran a copy of the tolling agreements, <u>Scattered Corp.</u>, 701 A.2d at 77, and because Gamoran was not legally entitled to inspect the agreements, his allegation does not cast reasonable doubt on the good faith of the board's investigation. The allegation is insufficient to support a claim of wrongful refusal.

Because Gamoran's complaint fails to satisfy the Rule 23.1 pleading standards, we do not consider whether the elements of the underlying claims were well-pleaded. Specifically, we need not decide whether passive stock ownership of illegal gambling businesses violates the Gambling Act.

The cross-appeal argues that the district court abused its discretion by failing to dismiss the complaint with prejudice. At oral argument, Gamoran conceded that the

relief sought in the cross-appeal should be granted in the event that he lost his appeal.  Because we affirm the district court's dismissal of all Gamoran's claims, the claims should therefore be dismissed with prejudice.

    For the foregoing reasons, and finding no merit in Gamoran's other arguments, we hereby **AFFIRM** the judgment of the district court in part, **VACATE** in part, and **REMAND** for entry of judgment dismissing Gamoran's claims with prejudice.

                             FOR THE COURT:
                             CATHERINE O'HAGAN WOLFE, CLERK

